■ In the Matter of DAVID KING, Appellant, v THOMAS A. COUGHLIN, as Commissioner of New York State Correctional Services, et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Swartwood, J.), entered October 30, 1987 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

The issue on appeal is whether a rehearing on charges that petitioner violated institutional rules was timely commenced. After initially being found guilty of violating several institutional rules in an incident occurring in January 1987, petitioner sought administrative review. Upon review, the disposition was reversed because of procedural errors which had occurred at the hearing. The letter of reversal from respondent Commissioner of Correctional Services was dated March 12, 1987 and it further instructed respondent Superintendent of Elmira Correctional Facility to commence a rehearing within seven days of receipt of the letter.

The rehearing was commenced on March 25, 1987. Petitioner objected to the timeliness of the hearing, alleging that he had received the letter of reversal on March 17, 1987. There was evidence at the hearing that the Superintendent's office, as well as the Prisoners' Legal Services office, did not receive the letter until March 19, 1987. Petitioner's timeliness argument was rejected and he was again found guilty of

violating various institutional rules. The determination was affirmed upon administrative review. Petitioner then commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal followed.

Petitioner contends that the Superintendent failed to hold the rehearing within seven days and therefore that the determination should be annulled. We cannot agree. In reversing the Superintendent's initial determination, the Commissioner instructed that the case be reheard within seven days of receipt of the notice of reversal (cf., 7 NYCRR 251-5.1 [a]). Since it is the Superintendent who must schedule and conduct the rehearing, the seven-day period commenced running when he received notice of the reversal. The factual determination was made by the Hearing Officer, and upheld by Supreme Court, that the Superintendent did not receive the notice of reversal until March 19, 1987. There is adequate evidence in the record to support this factual finding. Since the Superintendent received notice on March 19, 1987 and the hearing began on March 25, 1987, the hearing was commenced in a timely fashion.

Judgment affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.